DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on appeal from a judgment of the Bowling Green Municipal Court which granted appellee's motion to suppress all evidence gained as a result of a traffic stop. The following facts are relevant to this appeal.
 {¶ 2} On December 28, 2002, at approximately 2:15 a.m., Patrolman Gordon Finger of the Bowling Green Police Department stopped a white vehicle in which appellee, Derek Tomor, was a passenger. Although Finger did not observe any illegal or suspicious activity associated with the car, he had been following it in response to an anonymous tip that there was a suspicious white car traveling up and down Winfield Drive in Bowling Green, Ohio. Finger testified that there had been approximately twenty vehicle break-ins within a five-block area of Winfield within the two-month period prior to the date of the incident.
 {¶ 3} Prior to the stop, Finger ran the license plates to see if the car belonged to someone who lived in the immediate vicinity of Winfield. Finger discovered that the automobile was registered to a woman he later ascertained was appellee's mother, who did not live in the area. Finger stopped the car on Conneaut, a street near Winfield Drive, and discovered that the male driving the car had a suspended driver's license.
 {¶ 4} Two additional police officers arrived to assist Finger, and one of those officers, Sergeant Hartman, saw a case of beer in plain view on the back floorboard of the car. All of the occupants of the car were under 21 years of age. Appellee was cited for underage possession/consumption of alcohol in violation of Section 96.02(C) of the Bowling Green Municipal Code.
 {¶ 5} On February 14, 2002, appellee filed a motion to suppress all evidence and statements relating to the incident on the grounds that the stop violated the Fourth and Fourteenth Amendments to the United States Constitution, as well as Section 14, Article I of the Ohio Constitution.
 {¶ 6} In granting appellee's motion, the trial court noted that Finger did not observe the driver of the vehicle commit any traffic infraction. The court also noted that the tip Finger received revealed no descriptive details of the suspicious vehicle's activity, such as driving slowly past houses or "casing" properties.
 {¶ 7} Appellant, the city of Bowling Green, filed a notice of appeal March 7, 2002, and asks this court to consider the following assignment of error:
 {¶ 8} "The trial court did error [sic] in granting defendant-appellee's motion to suppress as there was reasonable articulable suspicion to support the stop of the vehicle [sic] which defendant was a passenger."
 {¶ 9} The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures, even when operating a motor vehicle. An investigatory stop by police which restrains an individual's freedom, even for a brief detention, constitutes a "seizure". Terry v. Ohio (1968), 392 U.S. 1, 20, 21; seeState v. Andrews (1991), 57 Ohio St.3d 86, 87. An officer may reasonably conduct an investigatory stop if he can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry, supra.
 {¶ 10} Reasonable suspicion need not be based only on an officer's personal observations. Adams v. Williams (1972), 407 U.S. 143, 147. It may arise from information supplied by an anonymous informant. Alabamav. White (1990), 496 U.S. 325, 331. Whether an anonymous tip can form the reasonable basis for an investigatory stop depends upon both the content of the information relayed to police and its degree of reliability. Id. at 330. The Supreme Court noted in White that "an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity * * * given that the veracity of persons supplying anonymous tips is `by hypothesis largely unknown, and unknowable.'" Id. at 329, quotingIllinois v. Gates (1983), 462 U.S. 213, 237. However, a tip which alone would not be sufficiently reliable may establish reasonable suspicion to make an investigatory stop if it is sufficiently corroborated through independent police work. Alabama v. White, 496 U.S. at 330.
 {¶ 11} In this case, because Finger did not know the identity of the informant or the facts the informant used to report a suspicious white car, Finger needed further corroboration to stop the car in which appellee was a passenger. Although appellant argues that Finger possessed articulable facts which formed the necessary corroboration, including the time of day and the fact that there had been thefts in the neighborhood, viewed in its totality, this information does not rise to the level of reasonable suspicion.
 {¶ 12} Furthermore, we note that when questioned about his discussion with the driver of the vehicle and appellee, Finger testified in the following manner:
 {¶ 13} "I told him that we got a complaint of a suspicious vehicle driving up and down Winfield. They said that they hadn't been on Winfield, that they were taking a female passenger who was in the car home. And talking with them, I had no reason to believe that they weren't telling the truth since they weren't, you know, doing anything suspicious. They were simply driving through the neighborhood."
 {¶ 14} Finger went on to testify during cross-examination that he had seen another white vehicle traveling west of Winfield while he was following the car in which appellee was a passenger, and that there were no suspects in the break-ins and no break-ins reported on the night of the incident.
 {¶ 15} For the foregoing reasons, appellant's sole assignment of error is found not well-taken. On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Bowling Green Municipal Court is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Melvin L. Resnick, J., and Richard W. Knepper,J., CONCUR.